IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BROWN,  )<br>　　　　Petitioner,　）<br>　　）<br>　v.　）<br>　　）<br>ROBERT L. AYERS, Warden,　）<br>　　）<br>　　　　Respondent.　）<br>_____） | No. C 07-0766 MJJ (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision by the California Board of Prison Terms ("Board") finding petitioner unsuitable for parole.[1]

**BACKGROUND**

In 1992, in Fresno County Superior Court, petitioner pled guilty to charges of second degree murder, and was sentenced to a term of 16 years to life in state prison.  In 2005, the California Board of Prison Terms (the "Board") found him unsuitable for parole.  He challenged this decision unsuccessfully in habeas petitions filed at all three levels of the California courts.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

---

[1] The initial petition was dismissed for want of a signature.  Petitioner timely filed an amended, signed petition, which the Court refers to hereinafter as "the petition."

G:\PRO-SE\MJJ\HC.07\brown.osc.wpd

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.    Legal Claims

Petitioner claims: (1) he has a liberty interest, protected by due process, in being released on parole; (2) the Board violated his right to due process because the decision to deny him parole was not based on at least "some" evidence; (3) his rights to due process and equal protection require his release pursuant to the terms of his plea agreement. Liberally construed, these claims are cognizable.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.    The Clerk of the Court shall serve by certified mail a copy of this order, and the amended petition and all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2.    Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the cognizable claims described above. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

3.    Respondent may, within 90 days of the date this order is filed, file a motion to

dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

4.	Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5.	It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6.	Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

IT IS SO ORDERED.

DATED: September 20, 2007

_____
MARTIN J. JENKINS
United States District Judge